

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KYSTON IVORY, §
 §
　　　　Movant, §
 §
VS. § NO. 4:17-CV-356-A
 § (NO. 4:15-CR-174-A)
UNITED STATES OF AMERICA, §
 §
　　　　Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kyston Ivory ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:15-CR-174-A, styled "United States of America v. Kyston Ivory," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On July 15, 2015, movant was named in a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). CR Doc.¹ 10. Attorney Catherine R. Dunnavant was

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

appointed to represent him. CR Doc. 3. On August 28, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 17. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 38.

The probation officer prepared a presentence report that indicated that movant's base offense level was 20 with a two-level enhancement for property taken from a financial institution, a two-level enhancement for threatening to use a gun, and a three-level reduction for acceptance of

---

[1](...continued)
criminal case.

responsibility, for a total offense level of 21. CR Doc. 22, PSR at 7. Based on his total offense level and criminal history category of II, the guideline imprisonment range was 41 to 51 months. Id. at 15, ¶ 78. The probation officer concluded with a discussion of factors that might warrant upward departure and a sentence outside the advisory guideline system. Id. at 16-17, ¶¶ 91-92. Movant had no objections to the PSR, but asked the court to consider factors in mitigation that he said would be presented in a sentencing memorandum. CR Doc. 31. On December 28, 2015, movant submitted his sentencing memorandum. CR Doc. 32. By order signed December 31, 2015, the court gave notice that it had tentatively concluded that a sentence of imprisonment significantly above the top of the advisory guideline imprisonment range would be appropriate. CR Doc. 25.

At sentencing, the court adopted the findings and conclusions of the presentence report, and noting a great deal of concern regarding movant's participation in other uncharged robberies that occurred while he was on deferred adjudication for two offenses of burglary of a habitation as well as his membership in the Como Crips gang, sentenced movant to a term of imprisonment of 80 months. CR Doc. 39. Movant appealed, but his

attorney filed a motion to withdraw along with an Anders[2] brief. The court of appeals agreed with her assessment that the appeal presented no nonfrivolous issue for appellate review. CR Doc. 45. On October 18, 2016, the appeal was dismissed as frivolous. CR Doc. 44.

II.

Grounds of the Motion

Movant urges two grounds in support of his motion, worded as follows:

> Ground One: The sentence attached to the instant case, as is, serves to violate due process, based upon the premise, that it was increased resulting from an Abuse of Discretion by the trial court, with the use of an "arbitrary" statute of law.

Doc.[3] 1 at Page 5 (numbers at top right of each page).

> Ground Two: The sentenced [sic] imposed in relation to the instant matter, results from "ineffective assistance of counsel," which serves as a significant violation of the 6th Amendment right to "effective counsel."

Doc. 1 at Page 6.

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The gist of movant's argument, as best the court can tell, is that movant did not gain any benefit from pleading guilty since the court sentenced him above the guideline range. Of course, he overlooks that he could have received an even greater sentence had he gone to trial. Movant throws out words like "arbitrary" and "unconstitutional" but offers nothing more than conclusory allegations that do not raise a constitutional issue. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). The argument refers to a plea agreement, but movant had none. The record reflects that movant received the process he was due and that he knowingly and voluntarily entered into his plea. That movant is unhappy with his sentence does not mean that he has a cognizable habeas claim.

Movant's second claim, that he received ineffective assistance of counsel, is dependent upon the first and is thus without merit. Movant has not presented any evidence to show that had his counsel done anything differently, the outcome of movant's case would have been any different.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2017.

JOHN McBRYDE
United States District Judge